No. 2371.—MRS. GEORGE WAILES *v.* THE CITIZENS' BANK OF LOUISIANA.

The wife who, in payment or part payment of her judgment against her husband, received a transfer of a claim which he alleges to be due him, acquires only such rights thereto as the husband had. A debtor who allows his property to be sold under execution and the proceeds to be applied in satisfaction of the writ, is thereby concluded from his right of action to recover the proceeds of the sale on the ground that the consideration of the debt, to pay which the property was sold, was illegal. Therefore, in this case, the wife being the transferee of the husband's claim to the proceeds of the sale of his property to pay a debt against him, on the ground that the consideration of the debt was the sale of slaves: Held—That, inasmuch as the husband had made no opposition to the sale and application of the proceeds to the payment of his debt, he was barred from afterward setting up a claim thereto, and the wife, being his transferee, could only exercise such rights as her transferrer had conferred upon her, and that she could not, therefore, recover.

APPEAL from the Fourth District Court, parish of Orleans. *Théard, J. E. Filleul,* for plaintiff and appellant. *Armand Pitot,* for defendants and appellees.

WYLY, J. In part payment of her judgment against her husband, George Wailes, the plaintiff received the transfer of the claim on which this suit is founded.

In 1853 the Citizens' Bank sold a sugar plantation and fifty-one slaves in the parish of St. Charles to Charles Roussel and others for $80,000. The purchasers furnished a stock note, with the ordinary obligations assumed by the stockholders of the bank, for the sum of $32,300, and for the balance of the price, amounting to $47,700, they furnished a number of notes which have since been paid.

In 1859 these purchasers sold this property to Parker Campbell, who assumed the stock note due the bank, with all the accessory obligations, the note then being reduced to $23,240.

In 1860 Campbell sold the plantation and slaves and bank stock to George Wailes, the husband of the plaintiff, who assumed the payment of said stock note, with the same obligations, and received his vendor's subrogation to all his rights against the previous vendors, the said stock note being then reduced to $21,850.

In 1867 the bank foreclosed its mortgage against the said George Wailes and purchased the mortgaged property (except the slaves, which were emancipated), crediting its writ of sale with the price at which the property was adjudicated to it.

In November, 1868, the plaintiff, the transferee of her husband, brought this suit to recover the proceeds of the sale of his plantation from the bank, who purchased it and retained the said proceeds in satisfaction of the balance due on said writ, on the ground that at the time the order of seizure and sale was executed against said property, the said debt was not valid and obligatory in consequence of the emancipation of slaves, the greater part of the consideration of the note on which the mortgage was foreclosed being for slaves, and the bank, the purchaser, ought not to retain the price of adjudication, to wit: $30,000, in discharge of the writ under which the sale was made, because of the said invalidity of the debt on which the executory proceeding was founded.

The court gave judgment for the defendant and the plaintiff has appealed.

It seems very clear that the plaintiff has no greater rights than her husband, her transferrer, had. And it is equally clear that a debtor can not recover the proceeds of the sale of his property after they have been applied to the satisfaction of the writ under which it was sold, because he has a good defense to the suit or because of the invalidity of the consideration of the note on which the judgment was founded, there having been no opposition to the sale.

Having acquiesced in the execution of a judgment the debtor will not be heard claiming its invalidity. The husband of the plaintiff having made no opposition to the enforcement of the mortgage and the application of the proceeds of the sale to the writ, had no action for the repetition of the price; the writ of sale having been discharged, it is too late to inquire into the validity of the consideration of the note on which the order of seizure and sale was granted.

The plaintiff suing as the transferee of her husband can only assert such rights as she received in the transfer, and as he had no right of action against the defendant, she acquired none.

Let the judgment appealed from be affirmed, with costs.

Rehearing refused.